a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EMMANUEL OSAYENDE GUOBADIA #A203-396-624, Petitioner | CIVIL DOCKET NO. 1:25-CV-00659 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Emmanuel Osayende Guobadia ("Guobadia"). Guobadia is an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. He challenges the legality of his continued detention.

To determine whether Guobadia may be entitled to relief, he must AMEND the Petition.

I. Background

Guobadia alleges that he was born in Nigeria and entered the United States on November 4, 2010. ECF No. 1-2 at 3. He was ordered removed on October 16, 2024. *Id.* Guobadia asserts that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because ICE "has been unable to remove" him during the presumptively reasonable period. *Id.* at 4.

II.   <u>Law and Analysis</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Guobadia implies that his removal is unlikely simply because he has not yet been removed. ECF No. 1-2 at 4. But he provides no allegations or evidence of an impediment to his deportation. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements). When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*. *See Andrade,* 459 F.3d at 543-44.

Guobadia must amend the Petition to allege why his removal is unlikely to occur in the reasonably foreseeable future and provide any documentation to support his claim.

III. <u>Conclusion</u>

Because additional information is required to state a viable claim, IT IS ORDERED that Guobadia AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Tuesday, June 10, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE