a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EMMANUEL OSAYENDE GUOBADIA #A203-396-624, Petitioner | CIVIL DOCKET NO. 1:25-CV-00659 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Emmanuel Osayende Guobadia ("Guobadia"). Guobadia is an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. He challenges the legality of his continued detention.

Because Guobadia failed to comply with the Court's Order, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.   Background

Guobadia alleges that he was born in Nigeria and entered the United States on November 4, 2010. ECF No. 1-2 at 3. He was ordered removed on October 16, 2024. *Id.* Guobadia asserts that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because ICE "has been unable to remove" him during the presumptively reasonable period. *Id.* at 4.

The Court ordered Guobadia to amend the Petition by July 10, 2025, to provide additional information to support his claim. ECF No. 7. To date, no amended petition has been filed.

## II. Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or comply with an order. *See* Fed. R. Civ. P. 41(b). The dismissal may occur upon the motion of a defendant or the Court's own motion. The authority to dismiss *sua sponte* is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

Guobadia failed to comply with the Court's Order to amend, and he has not requested an extension of time within which to comply. Therefore, the Petition should be dismissed under Rule 41.

## III. Conclusion

Because Guobadia failed to comply with the Court's Order, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, August 1, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE